IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

ANITA K. CLOSE                                                                                    PLAINTIFF

vs.                                         Civil No. 3:09-cv-03078

MICHAEL J. ASTRUE                                                                          DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Anita K. Close ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"), and a period of disability under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff protectively filed applications for DIB and SSI on November 30, 2007.  (Tr. 44, 97-111).  In these applications, Plaintiff alleged she was disabled due to depression, Hepatitis B, and heart and lung problems.  (Tr. 125).  Plaintiff alleged an onset date of January 1, 1996.[2]  (Tr. 44).  These

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

[2] Plaintiff's applications and other documents do not provide a clear alleged onset date.  In her applications, it appears she alleges an onset date of November 30, 2007.  (Tr. 97-111, 125).  The ALJ, however, found Plaintiff's alleged onset date to be January 1, 1996, and Plaintiff does not dispute this finding.  ECF No. 8.  Therefore, this Court finds Plaintiff's alleged onset date to be January 1, 1996.

applications were denied initially and upon reconsideration. (Tr. 38-40).

Thereafter, Plaintiff requested an administrative hearing on her applications, and this hearing request was granted. (Tr. 5-37). An administrative hearing was held on September 3, 2008 in Harrison, Arkansas. *Id.* Plaintiff was present and was represented by counsel, Frederick Spencer, at this hearing. *Id.* Plaintiff, Plaintiff's daughter (Jennifer Close), and Vocational Expert ("VE") John Massey testified at this hearing. *Id.* On the date of this hearing, Plaintiff was forty-five (45) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008), and had completed high school and attended some college classes. (Tr. 10-12).

On March 25, 2009, the ALJ entered an unfavorable decision denying Plaintiff's applications. (Tr. 44-53). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through March 31, 1996. (Tr. 46, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since January 1, 1996, her alleged onset date. (Tr. 46, Finding 2). The ALJ determined Plaintiff had the following severe impairments: osteoarthritis and anxiety. (Tr. 46, Finding 3). The ALJ also determined none of Plaintiff's impairments met the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 46-48, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 48-51, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined, based upon his review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that the claimant can only perform unskilled work where interpersonal contact is incidental to the work performed.

(Tr. 48-51, Finding 5).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 51-52, Finding 6). The ALJ determined Plaintiff's PRW included work as a dishwasher. *Id.* Based upon her RFC, the ALJ found Plaintiff was unable to perform her PRW. *Id.* The ALJ also determined, however, that there was other work Plaintiff could perform in the national economy, considering her age, education, work experience, and RFC. (Tr. 52-53, Finding 10). The ALJ based this finding upon the testimony of the VE. *Id.* The VE testified, considering all Plaintiff's vocational factors, a hypothetical person would be able to perform the requirements of representative occupations such as poultry processor worker (deboner) (light, unskilled) with 6,000 such jobs in the national economy and 500 such jobs in the state; assembly producer (light) with 500,000 such jobs in the national economy and 7,000 such jobs in the state; and maid (light, unskilled) with 100,000 such jobs in the national economy and 900 such jobs in the regional economy. (Tr. 52). Based upon this testimony, the ALJ determined Plaintiff had not been under a disability as defined by the Act since January 1, 1996, her alleged onset date, until March 25, 2009, the ALJ's decision date. (Tr. 53, Finding 11).

Thereafter, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 4). *See* 20 C.F.R. § 404.968. On October 30, 2009, the Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On November 30, 2009, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on February 3, 2010. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 8-9. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006);

3

*Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the

claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206;   20 C.F.R. §§ 404.1520(a)-(f).   The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. **Discussion:**

In her appeal brief, Plaintiff claims the following: (1) the ALJ erred by failing to fully and fairly develop the record; (2) the ALJ erred by failing to fully consider her depression; (3) the ALJ erred by failing to give proper weight to the report by Dr. Vann Smith; (4) the ALJ's opinion is not supported by substantial evidence in the record; and (5) the ALJ erred in his credibility determination.  ECF No. 8.  Because this Court finds the ALJ erred by failing to consider Plaintiff's depression and by determining her depression was non-severe, this Court will only address Plaintiff's second argument for reversal.

A claimant suffers from a severe impairment if that impairment is more than slight and if that impairment affects the claimant's ability to do his or her basic work activities.  *See Householder v. Bowen,* 861 F.2d 191, 192 n.1 (8th Cir. 1988).  The Supreme Court has also held that a claimant does not suffer from a severe impairment where the claimant only suffers from "*slight abnormalities* that do not significantly limit any 'basic work activity.'" *See Bowen v. Yuckert,* 482 U.S. 137, 155 (1987) (O'Connor, S., concurring) (emphasis added); *see also Brown v. Bowen,* 827 F.2d 311, 311-12 (8th

5

Cir. 1987) (adopting Justice O'Connor's language from *Bowen v. Yuckert*).

Furthermore, the standard for determining whether a claimant suffers from a severe impairment is a low or *de minimis* standard. *See Nicola v. Astrue,* 480 F.3d 885, 887 (8th Cir. 2007) (reversing the decision of the ALJ and holding that a diagnosis of borderline intellectual functioning should have been considered severe because that diagnosis was supported by sufficient medical evidence). If the ALJ errs by finding a severe impairment is not severe, the ALJ's disability determination must be reversed and remanded. *See Nicola,* 480 F.3d at 887.

In the present action, Plaintiff claims she is disabled due to depression. (Tr. 125). The ALJ, however, found Plaintiff only suffered from the following severe impairments: osteoarthritis and anxiety. (Tr. 46, Finding 3). In making this finding, the ALJ determined Plaintiff's depression was non-severe and did not meet the low or *de minimis* standard as articulated by the Eighth Circuit and the U.S. Supreme Court. That determination was in error. While this impairment may not necessarily be *disabling,* the medical evidence demonstrates Plaintiff's depression causes more than *slight abnormalities,* which is all that is required for an impairment to be considered "severe."

For example, the medical records from Dr. Joe Price, M.D. dated December 14, 2007 state Plaintiff suffered from "dysthymic disorder" which is characterized by severe depression. (Tr. 261). Dr. Price also found Plaintiff's Global Assessment of Functioning ("GAF") score was 45 primarily due to this disorder. *Id.* This score is assessed as follows:

> 50-41 Serious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) OR any serious impairment in social, occupational, or school functioning (e.g., few friends, conflicts with peers or co-workers).

*DSM-IV-TR* 34 (4th ed. 2000). This assessment of Plaintiff's GAF score is consistent with Plaintiff's

other medical records.³ (Tr. 268). Dr. Price's records also indicate Plaintiff was hospitalized twice during her lifetime due to her depression and was taking medication aimed at treating this depression. (Tr. 260). Such a limitation in functioning qualifies as more than a *slight abnormality.*

Because, at the very least, the ALJ should have found Plaintiff's depression was a severe impairment, this case must be reversed and remanded. *See Nicola,* 480 F.3d at 887. On remand, the ALJ should also consider whether Plaintiff's drug use is a "contributing factor material to the determination of disability" pursuant to 20 C.F.R. § 416.935 (2010). Plaintiff's medical records indicate that she recently used "various drugs heavily" and had a history of severe drug abuse. (Tr. 260). Such use may impact the ALJ's disability determination as to whether Plaintiff should receive disability benefits. *See* 20 C.F.R. § 416.935; 20 C.F.R. § 416.1326. Thus, the ALJ should also further consider this issue on remand.

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 4th day of January, 2011.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

³ During a consultative examination on March 5, 2008, Plaintiff was assessed as having a GAF score of 55. (Tr. 268).